JUDGE OETKEN

**12 CIV 5149**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
JASON SANTANA,                                                      *DKT#:*

                        Plaintiff,                          **COMPLAINT**

      - against -                                                **JURY TRIAL DEMANDED**

THE CITY OF NEW YORK, and                                 **ECF CASE**
NEW YORK CITY TRANSIT POLICE OFFICERS
"JOHN DOE" #1-3, Individually and in their official
capacities (the name John Doe being fictitious as the
true names are presently unknown),

                        Defendant.
------------------------------------------------------------x

     Plaintiffs, JASON SANTANA, by his attorneys, TREYVUS & KONOSKI, P.C., complaining of the defendants, respectfully allege as follows:

### PRELIMINARY STATEMENT

1. Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §§ 1983, 1985 and 1988 for violations of their civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

### JURISDICTION

2. This action is brought pursuant to 42 U.S.C. §§ 1983, 1985, and 1988, and the First, Fourth, Fifth, Eight and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

### VENUE

4. Venue is properly laid in the Southern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff, JASON SANTANA, is a citizen of the United States and at all relevant times a resident of the City and State of New York.

7. The Defendant, THE CITY OF NEW YORK, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. The Defendant, THE CITY OF NEW YORK, maintains the New York City Police Department, a duly organized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, THE CITY OF NEW YORK.

9. That at all times hereinafter mentioned, the individually named defendants, NEW YORK CITY TRANSIT POLICE OFFICERS "JOHN DOE" #1-3, were duly sworn police officers of THE CITY OF NEW YORK Police Department and were acting under the supervision of said department and according to their official duties.

10. That at all times hereinafter mentioned, the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York or THE CITY OF NEW YORK.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by THE CITY OF NEW YORK.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by THE CITY OF NEW YORK.

## FACTS

13. On or about March 7, 2012 through on or about May 9, 2012, between the hours of approximately 11:00 a.m. and 12:00 p.m., the Plaintiff was waiting at the subway station located at 161st Street and River Avenue, in the County of Bronx, City and State of New York.

14. The Plaintiff was waiting for his girlfriend to arrive.

15. While the Plaintiff was waiting he did not engage in any illegal behavior and did not commit any crime.

16. While waiting, the Plaintiff was approached by NEW YORK CITY TRANSIT POLICE OFFICERS "JOHN DOE" #1-3, with badges displayed, who immediately demanded that the Plaintiff put his hands behind his back.

17. NEW YORK CITY TRANSIT POLICE OFFICERS "JOHN DOE" #1-3, accused the Plaintiff of "selling fares" to subway passengers.

18. The Plaintiff informed NEW YORK CITY TRANSIT POLICE OFFICERS "JOHN DOE" #1-3 that he was not "selling fares" and that the officers "have the wrong person".

19. NEW YORK CITY TRANSIT POLICE OFFICERS "JOHN DOE" #1-3, frisked the Plaintiff and recovered one metro-card fully sealed in a cellophane wrapper, which indicated that the metro-card was un-used.

20. No money was recovered from the Plaintiff, which demonstrated that the Plaintiff did not "sell fares".

21. NEW YORK CITY TRANSIT POLICE OFFICERS "JOHN DOE" #1-3, also swiped various cards that were found near-by to determine if any of those cards could have been

used to "sell fares". However, NEW YORK CITY TRANSIT POLICE OFFICERS "JOHN DOE" #1-3, found no usable metro-cards in the vicinity.

22. Despite the lack of evidence demonstrating any wrongdoing or criminal activity of the Plaitiff, the police placed the claimant under arrest.

23. NEW YORK CITY TRANSIT POLICE OFFICERS "JOHN DOE" #1-3, arrested the Plaintiff without probable cause.

24. The Plaintiff was held in custody, brought to the precinct, and eventually moved to central booking. The Plaintiff was held in custody for many hours.

25. Plaintiff was released from central booking and was not charged with any crime and was not brought before the Court.

## FIRST CLAIM FOR RELIEF
## DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983

26. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "25" with the same force and effect as if fully set forth herein.

27. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of law.

28. All of the aforementioned acts deprived plaintiff JASON SANTANA of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America and in violation of 42 U.S.C. § 1983

29. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all the actual and/or apparent authority attendant thereto.

30. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York Police Department, all under the supervision of ranking officers of said department.

31. Defendants collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of his/her respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM FOR RELIEF
## UNLAWFUL SEIZURE (OF PERSON) UNDER 42 U.S.C § 1983

32. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "31" with the same force and effect as if fully set forth herein.

33. As a result of defendants' aforementioned conduct, plaintiff JASON SANTANA was subjected to an illegal, improper and unlawful seizure of their person without any probable cause, privilege, or consent.

34. That the seizure of the plaintiff was objectively unreasonable and in violation of the plaintiff's constitutional rights.

35. As a result of the foregoing, plaintiff sustained, inter alia, loss of enjoyment of life, loss of liberty, emotional distress, mental anguish, embarrassment and humiliation, shame, indignity, damage to reputation, and deprivation of his constitutional rights.

## THIRD CLAIM FOR RELIEF
## FALSE ARREST UNDER 42 U.S.C § 1983

36. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "35" with the same force and effect as if fully set forth herein.

37. As a result of defendants' aforementioned conduct, plaintiff JASON SANTANA

and was subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, confined, and incarcerated by the defendants without any probable cause, privilege or consent.

38. That the detention of the plaintiff by defendant was objectively unreasonable and in violation of JASON SANTANA's constitutional rights.

39. As a result of the foregoing, plaintiff sustained, inter alia, loss of enjoyment of life, loss of liberty, emotional distress, mental anguish, embarrassment and humiliation, shame, indignity, damage to reputation, and deprivation of his constitutional rights.

## FOURTH CLAIM FOR RELIEF
## MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983

40. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "39" with the same force and effect as if fully set forth herein.

41. Defendants including NEW YORK CITY TRANSIT POLICE OFFICERS "JOHN DOE" #1-3, subjected the Plaintiff to violations of his federally protected civil rights, including a False Arrest.

42. The acts complained of were carried out by the aforementioned defendant police officers in their capacities as police officers and officials with all the actual and/or apparent authority attendant thereto.

43. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of the THE CITY OF NEW YORK, all under the supervision of ranking officers of said department.

44. The aforementioned customs, polices, usages, practices, procedures, and rules of THE CITY OF NEW YORK, include but are not limited to the following unconstitutional

practices:

    (a) Subjecting individuals to False Arrests and Malicious prosecution without probable cause;

    (b) Violating the constitutional rights of citizens of the United States and State of New York.

45. The existence of the aforesaid unconstitutional customs and policies may be inferred from the following: *Failure to properly train the Defendant Police Officers.*

46. The foregoing customs, policies, usages, practices, procedures and rules of the THE CITY OF NEW YORK constituted a deliberate indifference to the safety, well-being, and constitutional rights of Plaintiff.

47. The foregoing customs, policies, usages, practices, procedures and rules of the THE CITY OF NEW YORK were the direct and proximate cause of the constitutional violations suffered by plaintiff as alleged herein.

48. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers and were directly responsible for the violation of plaintiff's constitutional rights.

49. As a result of the foregoing, plaintiff sustained, <u>inter alia</u>, loss of enjoyment of life, loss of liberty, emotional distress, mental anguish, embarrassment and humiliation, shame, indignity, damage to reputation, and deprivation of his constitutional rights

## **DAMAGES AND RELIEF REQUESTED**

50. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "49" with the same force and effect as if fully set forth herein.

51. All of the foregoing acts by defendants deprived JASON SANTANA of federally protected rights, including, but not limited to, the right:

A. Not to be deprived of liberty without due process of law;

B. To be free from seizure and arrest not based upon probable cause;

C. To be free from unwarranted and malicious criminal prosecution;

D. To receive equal protection under the law.

52. By reason of the aforesaid conduct by defendants, plaintiff JASON SANTANA is entitled to the sum of one million dollars ($1,000,000.00) in compensatory damages, one million dollars ($1,000,000.00) in punitive damages, plus attorney's fees pursuant to 42 U.S.C. § 1988, as well as costs and disbursements of this action, and any further relief as the Court may find just and proper.

**WHEREFORE**, Plaintiff JASON SANTANA demands judgment in the sum of one million dollars ($1,000,000.00) in compensatory damages, one million dollars ($1,000,000.00) in punitive damages, plus attorney's fees, costs and disbursements of this action.

### PENDANT STATE CLIAMS
### FIRST CLAIM FOR RELIEF UNDER NEW YORK STATE LAW
### FALSE ARREST

53. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "52" with the same force and effect as if fully set forth herein.

54. The Defendant police officers unlawfully detained and arrested plaintiff, JASON SANTANA, in the absence of probable cause and without an arrest warrant.

55. As a result of defendants' aforesaid conduct by defendants, plaintiff JASON SANTANA was subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, confined, incarcerated and prosecuted by the defendants in criminal proceedings.

56. The aforesaid actions by the defendants constituted a deprivation of the Plaintiff's

rights.

57. As a result of the foregoing, plaintiff sustained, <u>inter alia</u>, loss of enjoyment of life, loss of liberty, emotional distress, mental anguish, embarrassment and humiliation, shame, indignity, damage to reputation, and deprivation of his constitutional rights.

### FOURTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

58. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "57" with the same force and effect as if fully set forth herein.

59. The aforementioned conduct by the defendant police was extreme, outrageous, and exceeded all reasonable bounds of decency.

60. The aforementioned conduct was committed by the defendant police while acting within the scope of their employment by the defendant THE CITY OF NEW YORK.

61. The aforementioned conduct was committed by the defendant police while acting in Furtherance of their employment by the defendant THE CITY OF NEW YORK.

62. The aforementioned conduct was intentional and done for the sole purpose of causing severe emotional distress to the plaintiff.

63. As a result of the aforementioned conduct, Plaintiff suffered severe emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright and loss of freedom.

### CONDITIONS PRECEDENT

64. Within 90 days of the Plaintiff's acquittal, on May 25, 2012, a Notice of Claim was served upon the defendant City of New York, setting forth:

    a. The name and post office address of the claimant and his attorney;

    b. The nature of the claim;

    c. The time when, the place where, and the manner in which the claim arose;

    d. The items of damages and injuries sustained so far as practicable.

65. The Notice of Claim was served upon the defendant, City of New York, within 90 days after Plaintiff's several causes of action accrued.

66. More than thirty days have elapsed since the Notice of Claim was served upon the City of New York.

67. The City of New York and its Comptroller have failed, neglected and refused to pay, settle, compromise or adjust the claim of the Plaintiff herein.

68. The defendant City of New York did not request a hearing within 30 days pursuant to Section 50-H of the General Municipal Law.

69. This action has been commenced within one year and 90 days after Plantiff's various causes of action have accrued.

70. Plaintiff has duly complied with all of the conditions precedent to the commencement of these causes of action.

**WHEREFORE,** Plaintiff JASON SANTANA demand judgment in the sum of one million dollars ($1,000,000.00) in compensatory damages, one million dollars ($1,000,000.00) in punitive damages, plus attorney's fees, costs and disbursements of this action.

Dated: New York, NY
    June 24, 2012

               By: _____
                  BRYAN KONOSKI (BK2325)
                  Treyvus & Konoski, P.C.
                  *Attorney(s) for the Plaintiff*
                  305 Broadway, 14th Floor
                  New York, NY 10007
                  (212) 897-5832